UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TIFFANY MANSWELL,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                   14-CV-7114 (MKB) (SMG)

                          v.

HEAVENLY MIRACLE ACADEMY SERVICES,
INC., JACQUELINE MENDOZA and WAYNE
MENDOZA,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Tiffany Manswell commenced the above-captioned action against Defendants Heavenly Miracle Academy Services, Inc. ("HMA"), Jacqueline Mendoza and Wayne Mendoza on December 5, 2014, alleging claims of unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"), violations of New York State Labor Law section 215 ("NYLL"), and defamation in violation of New York common law. (Compl., Docket Entry No. 1.) Plaintiff alleges that while she was working as a pre-school teacher for HMA, Wayne Mendoza, HMA's Assistant Director, sexually harassed her and Jacqueline Mendoza, Wayne Mendoza's mother and HMA's Chief Executive Officer, condoned the conduct. (Compl. ¶¶ 4–31.) Plaintiff further alleges that after she complained to Jacqueline Mendoza about Wayne Mendoza's conduct, her wages were withheld, her hours were reduced, she was terminated from her job, and Jacqueline Mendoza spread false accusations about her work performance to other pre-schools. (*Id.* ¶¶ 32–75.)

Although served with the summons and Complaint, Defendants failed to appear in this action. (Affirmations of Service of Summons, Docket Entry Nos. 6, 7, 8.) Plaintiff sought and obtained an entry of default against Defendants, (Docket Entry No. 12), and subsequently moved for a default judgment, (Pl. Mot. for Default J., Docket Entry No. 14).

On October 2, 2015, the Court referred Plaintiff's motion to Magistrate Judge Marilyn Go for a report and recommendation. (Order dated Oct. 2, 2015.) Defendants subsequently appeared in the action and filed a motion to vacate the entry of default. (Defs. Mot. to Vacate, Docket Entry No. 29.) On December 15, 2015, the Court referred Defendants' motion to vacate the entry of default to Judge Go for a report and recommendation. (Order dated Dec. 15, 2015.) By report and recommendation dated July 20, 2016 (the "July 2016 R&R"), Judge Go recommended that the Court deny Defendants' motion to vacate the entry of default. (July 2016 R&R, Docket Entry No. 34.) Because no party objected to the July 2016 R&R, the Court adopted Judge Go's recommendation and denied Defendants' motion to vacate the entry of default. (Mem. and Order dated Aug. 19, 2016, Docket Entry No. 37.)

On November 23, 2016, the case was reassigned to Magistrate Judge Steven Gold. (Order dated Nov. 23, 2016.) On January 17, 2017, Plaintiff renewed her motion for default judgment. (Pl. Renewed Mot. for Default. J., Docket Entry. No. 39.) On April 3, 2017, the Court referred Plaintiff's motion to Judge Gold. (Order dated Apr. 3, 2017.) By report and recommendation dated August 23, 2017 (the "August 2017 R&R"), Judge Gold recommended that the Court grant in part and deny in part Plaintiff's motion. (Aug. 2017 R&R, Docket Entry No. 46.)

Judge Gold recommended that the Court grant Plaintiff's motion as to: (1) her Title VII claims against HMA; (2) her NYSHRL and NYCHRL claims against all Defendants; (3) her

2

NYLL wage notice claim against all Defendants; and (4) her defamation claim against Jacqueline Mendoza. (*Id.* at 47–48.) Judge Gold recommended that the Court deny Plaintiff's motion as to: (1) her Title VII claims against Jacqueline and Wayne Mendoza, and (2) her NYLL retaliation claim against all Defendants. (*Id.* at 48.)

Judge Gold recommended that the Court award Plaintiff damages in the amounts of: $19,410 for back pay jointly and severally against all Defendants on the Title VII, NYSHRL and NYCHRL violations with prejudgment interest calculated pursuant to 28 U.S.C. § 1961(a); $75,000 for emotional distress jointly and severally against all Defendants on the Title VII, NYSHRL and NYCHRL violations; $50,000 in punitive damages against Wayne Mendoza on the NYCHRL violation; $50,000 in punitive damages against HMA on the Title VII violation and jointly and severally against HMA and Jacqueline Mendoza on the NYCHRL violation; $25,000 for reputational harm against Jacqueline Mendoza on the defamation claim; $2500 in statutory damages jointly and severally against all Defendants for the NYLL violation; $41,208 in attorneys' fees; and $400 in costs. (*Id.* at 32, 48.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only

3

conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Gold's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiff's motion for default judgment as to: (1) her Title VII claims against HMA; (2) her NYSHRL and NYCHRL claims against all Defendants; (3) her NYLL wage notice claim against all Defendants; and (4) her defamation claim against Jacqueline Mendoza. (*Id.* at 47–48.) The Court denies Plaintiff's motion for default judgment as to: (1) her Title VII claims against Jacqueline and Wayne Mendoza, and (2) her NYLL retaliation claim against all Defendants.

The Court awards Plaintiff damages in the amounts of: $19,410 for back pay jointly and severally against all Defendants on the Title VII,[1] NYSHRL and NYCHRL violations with prejudgment interest calculated pursuant to 28 U.S.C. §1961(a);[2] $75,000 for emotional distress jointly and severally against all Defendants on the Title VII, NYSHRL and NYCHRL violations; $50,000 in punitive damages against Wayne Mendoza on the NYCHRL violation; $50,000 in

---

[1] Because the Mendozas cannot be held personally liable for the Title VII violations, *see Village of Freeport v. Barrella*, 814 F.3d 594, 610 n.61 (2d Cir. 2016), their responsibility to pay damages is based only on their liability for the NYSHRL and NYCHRL violations.

[2] "[J]udgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate." *Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 280 (2d Cir. 2010) (citation omitted).

punitive damages against HMA on the Title VII violation and jointly and severally against HMA and Jacqueline Mendoza on the NYCHRL violation;[3] $25,000 for reputational harm against

---

[3] The compensatory and punitive damage awards for the Title VII, NYSHRL and NYCHRL violations total $175,000. Title VII limits compensatory and punitive damages, excluding back-pay damages, to $50,000 for employers such as HMA who have 100 or fewer employees. *See* 42 U.S.C. § 1981a(b)(3)(A); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 691 (2d Cir. 2008); (Damages Hr'g Tr. 37:12–21, Docket Entry No. 43 (noting that HMA employs approximately twenty teachers)). While the NYSHRL does not limit compensatory damages in employment discrimination cases, it does not provide for punitive damages, N.Y. Exec. Law § 297(9), and the NYCHRL does not limit the amount of compensatory or punitive damages a court may award in an employment discrimination case, N.Y. Admin. Code. § 8-502(a). *See Jordan v. Bates Advert. Holdings, Inc.*, 816 N.Y.S.2d 310, 321–21 (Sup. Ct. 2006) (denying a defendant's motion to remit a jury's compensatory damage award of $2,000,000 for NYSHRL and NYCHRL violations); *see also Drice v. My Merch. Servs.*, No. 15-CV-395, 2016 WL 1266866, at *6 (E.D.N.Y. Mar. 4, 2016) ("Although Title VII limits the amount of damages recoverable based on the size of the employer, the NYCHRL does not impose such limits."); *Belize v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 336, 362 (S.D.N.Y. 2014) ("Unlike Title VII, the NYSHRL does not set a cap on damages . . . ."); *Caravantes v. 53rd St. Partners, LLC*, No. 09-CV-7821, 2012 WL 3631276, at *21 (S.D.N.Y. Aug. 23, 2012) (noting that " there is no cap on the amount of damages that can be recovered under the NYSHRL and NYCHRL"); *Becerril v. E. Bronx NAACP Child Dev. Ctr.*, No. 08-CV-10283, 2009 WL 2972992, at *2 (S.D.N.Y. Sept. 17, 2009) ("[T]he NYSHRL and the NYCHRL entitle [the plaintiff] to an unlimited amount of compensatory damages." (citing *N.Y.C. Transit Auth. v. N.Y. State Div. of Human Rights*, 78 N.Y.2d 207, 216 (1991))).

Accordingly, the Court awards all compensatory and punitive damages in excess of $50,000 under the NYSHRL (excess compensatory) and NYCHRL (excess compensatory and punitive). *See Zakre v. Norddeutsche Landesbank Girozentrale*, 344 F. App'x 628, 631 (2d Cir. 2009) (affirming a district court's compensatory and punitive damages award of $600,000 for violations of Title VII, the NYSHRL and the NYCHRL); *see also Manzo v. Sovereign Motor Cars, Ltd.*, 491 F. App'x 102, 103 (2d Cir. 2011) (affirming a district court's compensatory and punitive damages award totaling $250,000 for Title VII and NYCHRL law violations); *Caravantes*, 2012 WL 3631276, at *21 ("[W]here Title VII claims are pled alongside NYSHRL and NYCHRL claims, courts have awarded damages in excess of the Title VII statutory cap by allocating the excess award to the state and city law claims." (citation omitted)).

Jacqueline Mendoza on the defamation claim; $2500 in statutory damages against all Defendants for the NYLL violation; $41,208 in attorneys' fees; and $400 in costs.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 14, 2017
       Brooklyn, New York